## James Oliver v. G. W. Mahoney.

(Case No. 4676.)

1. SURVEY.— A survey called for "a corner" on the prairie, with no other call at that point to designate its locality, and then called to run "thence S. 30° E. with the west line" of an older survey, which west line was an open, unmarked prairie line. The surveyor testified that he established that corner "at the head of a prairie branch," and called to run from that corner with the line of the older survey, because he thought he had reached it. He had not reached it by over three hundred varas. To stop at the head of the prairie branch would give the survey its proper quantity of land. *Held*:

(1) The survey must stop at the head of the branch, at the point identified by the evidence, and where the distance was exhausted.

(2) The call for the open line of the older survey will not control the call for distance when the evidence shows the mistake, and traces the footsteps of the surveyor, who, in fact, stopped at the "head of the prairie branch," where the distance was exhausted.

APPEAL from McLennan. Tried below before the Hon. B. W. Rimes.

Suit by James Oliver, involving a question of boundary. The Burns survey was made in 1846; its field notes are not in the record; afterwards the Nancy Anderson was made west of the Burns, and the A. S. Anderson still west of that. The controversy was over a strip of land which, under the decision in this cause, existed between the Burns and the Nancy Anderson surveys, for which Oliver, who claimed the Nancy Anderson survey, sued. The east line of the Burns survey was in the timber and well marked; its west line was an open, or prairie line, having no established corners on the ground. The surveyor who made the Nancy Anderson survey testified that he began on the northeast corner of the A. S. Anderson, thence run north 60° E. 661 varas, where he established the northeast corner of the Nancy Anderson *at the "head of a prairie branch."* This branch was found at the proper distance, but no marked corner there; to stop there, gives the Nancy Anderson its proper complement of land. The surveyor thought he had reached at that point the northwest corner of the Burns, though he did not call for it. The call was for a corner, with no other call to designate it; and then run "S. 30° E. with the west line of the A. Burns survey." It was afterwards ascertained that the west line of the Burns survey was three hundred and seven varas east of this line. In other words, if the surveyor had protracted the north line of the Nancy Anderson three hundred and seven varas beyond the head of the prairie branch where he established his corner, but without calling for the branch, he would have reached the northwest corner of the Burns. The two Anderson surveys were all prairie. The northwest corner of the A. S. Anderson, on which survey the Nancy Anderson depends, was well established by a natural object. Judgment for the defendant.

*Clark & Dyer,* for appellant, cited: Bolton v. Lann, 16 Tex., 110; Robertson v. Mosson, 26 Tex., 251; Anderson v. Stamps, 19 Tex., 465; Urquhart v. Burleson, 6 Tex., 511; Hubert v. Bartlett, 9 Tex., 104; Johns v. Schutz, 47 Tex., 582; Booth v. Strippleman, 26 Tex., 441; Stafford v. King, 30 Tex., 269; Jones v. Borgett, 46 Tex., 289; Muller v. Landa, 31 Tex., 271; Marshall v. Crawford, Texas Law Journal, vol. 5, No. 20, p. 312.

*E. H. Graham*, for appellee, contended that the location of the corner, being identified by the surveyor by the prairie branch, though not called for, where the distance was exhausted, that corner must be established there; citing Gerald *v.* Freeman, Tex. Law Jour., vol. 2, No. 47, p. 744; McCown *v.* Hill, 26 Tex., 359; Castleman *v.* Pouton, 51 Tex., 84; Bolton *v.* Lann, 16 Tex., 113.

DELANY, J. COM. APP.— Appellants insist that the east line of the Anderson survey should be carried eastwardly to the west line of the Burns, because the Burns is the older survey, and the field notes of the Anderson call for its west line.

They refer us to a number of cases which recognize the rule that a call for a marked line, as for the line of an older survey, will ordinarily control a call for course and distance. But it seems to us that appellants are resorting to that rule in a case to which it does not properly apply. The rule finds its proper application in cases where the line which is sought has never been established on the ground; or, if established, has been lost. Thus it often happens that a surveyor, instead of running entirely around a tract of land and establishing all its lines, will run out and mark the first line, and for the opposite line will call for the line of a neighboring survey, which he supposes to be at the distance called for.

In such a case the rule referred to requires us to run to the line called for, though the distance be greater than the distance called for in the field notes.

Suppose, however, that the surveyor actually establishes all the lines of the land by an actual survey, but makes the mistake of supposing that one of the lines coincides with a line of a neighboring survey, and calls for that line.

Now, the line of the neighboring survey, instead of being where the surveyor supposed it to be, is three hundred varas to the eastward. Must we then move the line which was actually established, in order that it may coincide with the line called for? By no means. For when we have found the footsteps of the surveyor, we have found the great object of our search. We know where the line was actually established, and we have no further use for the rule, which is useful as a guide only in doubtful cases. See Stafford *v.* King, 30 Tex., 258, and cases cited.

In the case before us, there seems never to have been any doubt that the surveyor established on the ground the northeast corner and the east line of the Anderson survey. The survey contains its full amount of land, and there is no ground of complaint about it.

This controversy has arisen out of the fact that the surveyor by

mistake supposed the east line of the Anderson to coincide with the west line of the Burns, and so called for that line. This mistaken call for the Burns line should be rejected. This disposes of the case.

Our opinion is that the judgment should be affirmed.

AFFIRMED.

[Opinion adopted May 9, 1884.]