No. 5523.

## J. F. MCANINCH *v.* JOHN D. FREEMAN.

1. **SURVEY.**—When a survey calls for a known and established corner of another survey, in the absence of proof that an actual survey was made and that the corner was not actually reached, but was called for by mistake, the distance must be made to yield to the call for the corner.
2. **REPORT OF SURVEY.**—The report of a surveyor appointed by the court in a cause in which the boundary of a survey is in controversy, is entitled to no greater weight than the testimony of a witness cognizant of the facts referred to in the report.

ERROR from Bell.   Tried below before the Hon. B. W. Rimes.

*Goodrich & Clarkson,* for plaintiff in error, cited Booth v. Upshur, 26 Texas, 68; Booth v. Strippleman, 26 Texas, 436; Castleman v. Ponton, 51 Texas, 88; Jones v. Burgett, 46 Texas, 292.

*W. S. Holman,* for defendant in error, cited Freeman v. Mahoney, 57 Texas, 621; Buford v. Gray, 51 Texas, 331.

GAINES, ASSOCIATE JUSTICE.   The plaintiff in court below (who is defendant in error), brought this suit against defendants below, for the recovery of a tract of land described in his petition.   The cause was submitted to a jury and resulted in a verdict for the plaintiff and defendants below now bring this writ of error.

The plaintiff below claimed under a patent to Joseph Washington, No. 73, of a league, and the defendants under a survey

and patent in the name of George Allen. The case presents a question of boundary. The Washington is the older patent and if it embraces the land covered by the Allen survey, plaintiff showed the better title. At the time the Washington was surveyed and patented, there was a chain of surveys on Indian creek on the south, and another chain of surveys on Davis creek on the north, leaving vacant land more than five thousand varas in width between them. Its field notes call for the Newell surveys on the south, and the Wills and White surveys on the north. No question is raised about the south boundaries of the survey or any of its southern corners. But beginning at its southeast corner, and running north nineteen east for the northeast corner, the distance called for, and then running the other lines by course and distance only, the Allen survey is not included. But the east line is called to run north nineteen east five thousand eight hundred and twenty-nine varas, to a mound on the south line of the Jesse White survey; but a line so run passes some six hundred varas south of the southeast corner of the White, and some seventy-five varas beyond a prolongation of the south line of that survey. The next call is thence north seventy-one west five hundred and twenty-eight varas to White's southwest corner; but this corner is not reached either by the course or distance of that call—the distance called for being over one thousand varas short. The next call is thence south nineteen west twelve hundred and eighty varas to J. B. Wills's southeast corner; but the distance from the southwest corner of the White to the southeast corner of the Wills is only nine hundred and five varas. The field notes next call to run north seventy-one west to Newland's northeast corner—the distance to that corner being in fact only about sixty-two varas. The next call is to run from Newland's northeast corner south nineteen west five thousand two hundred and four varas to Newell's line, but the distance between that corner and line is actually five thousand five hundred and seven varas. The evidence shows that all the corners of the White are marked upon the ground. The southwest and northeast corners of the Wills are also marked. The surveyor who made the survey of the Washington when it was originally located, testified, that it was an office survey, and that the lines were not actually run on the ground, but that it was his intention to embrace the land lying between the Indian creek surveys at the one end and the Davis creek surveys at the other.

It has been held by this court in a number of decisions that a call for distance, when the evidence shows the surveyor actually stopped at the distance called for, will prevail over a call for an unmarked line or corner of a survey in the prairie. (Castleman v. Ponton, 51 Texas, 84; Oliver v. Mahoney, 61 Texas, 610; Gould v. Freeman, 2 Texas Law Jour., 744, same case, at the present term; McCown v. Hill, 26 Texas, 359.) Plaintiffs in error seek to apply this rule to the present case; but it is clearly not applicable to the facts before us. Here we have the southwest corner of the White, which is a well defined corner, called for as the more northern northwest corner of the survey; and in the absence of proof, that an actual survey was made and that the corner was not actually reached, but was called for by mistake, the distance must be made to yield to the call for the corner, and it must be taken as the true northwest corner of the survey in question. The proof showing that the land was not actually surveyed but merely platted, and the field notes made in the surveyor's office, and the beginning corner (which in this case is upon the Newell survey on the south), being of no greater dignity than any other corner, we can see no greater reason for disregarding the call for the White corner than there is for departing from those at the other end of the survey. Distance must ordinarily yield both to course and marked lines and corners (Stafford v. King, 30 Texas, 258), and hence in our opinion, the boundaries of the survey in question at its north end must be determined by taking the corners of the Newland, the Wills and the White surveys as called for, as its true corners and running the course of the lines as designated in the field notes, without regard to the distance. The northeast corner is to be established by a prolongation of the south line of the White to an intersection with the east line of the survey in controversy. The lines of the Washington survey so established, include the land claimed by the plaintiffs in error.

The charge of the court was in accordance with the view of the law expressed in this opinion, and the verdict is supported by the evidence. There is nothing in the point that D. C. Freeman, under whom defendant in error claims, surveyed the land since the date of the patent, by course and distance, beginning on the Indian creek surveys, thence by leaving out the land claimed by plaintiffs in error. It is not seen that this deprived him of title to the land not included in that survey.

The court did not err in refusing to charge the jury at the request of plaintiffs in error, that the report of the surveyor appointed by the court established prima facie the true location of the surveys in controversy. The report was in evidence, but we are of opinion that it was entitled to no more weight than the testimony of a witness who knew the same facts. To single it out and tell the jury it was prima facie evidence of the boundaries of the surveys was calculated to give it undue importance and thereby mislead them.

There is a motion in the case to strike out the statement of facts, upon the ground that documents are copied therein at length, in violation of the rules of this court. This motion was taken under advisement, to be disposed of with the case. The statement is not in accordance with the rules, but we can not strike it out on this ground. It would perhaps be proper to tax plaintiffs in error with the costs of the surplus matter. But since the judgment will be affirmed and plaintiffs in error adjudged to pay all the costs, it is unnecessary to consider the question.

There being no error in the judgment, it is affirmed.

*Affirmed.*

Opinion delivered April 29, 1887.