SARAH F. OSTROM V. THE CITY OF SAN ANTONIO.

No. 6522.

1.   **Public Street—Evidence of.**—The city of San Antonio was proceeding to open up streets across lands of appellant. She obtained a temporary injunction, which on hearing was dissolved. The city failing to show a right to the proposed streets either by dedication, condemnation, or prescription, the injunction should have been perpetuated.

2.   **Limitation Against Public Street or Road.**—Prior to the Act of 1887 there was no statutory inhibition from a person acquiring title by limitation to land upon which a street or road had been established.

3.   **Same.** — See facts held sufficient under limitation of ten years to show title against the rights of the city to a public street.

APPEAL from Bexar.  Tried below before Hon. G. H. Noonan.

The opinion states the case.

*Tarlton & Kellar*, for appellant.—Where there is no evidence of long continued use by the public such as to constitute a presumptive dedication, or some act of the owner of the fee constituting a dedication, a road or street can not be laid out and established through private property without the requirements of the statute having been first strictly complied with; and when in derogation of the right in the fee private property is taken for a public use, the acts authorizing such appropriation must be unequivocal. Floyd v. Turner, 23 Texas, 292; Buchanan v. Curtis, 3 Am. Rep., 23, and authorities cited; Wolf v. Brass, 72 Texas, 135.

No brief on file for appellee.

ACKER, PRESIDING JUDGE.—Appellant brought this suit to restrain the City of San Antonio from opening a road across her enclosed lots 12 and 13. It was alleged in the petition that the defendant by its officers had entered upon plaintiff's property and attempted to establish a highway over it not in the manner required by law and in violation of her rights, because there had never been a legally established road over the lots, and because she had held lot 12 under fence and enclosed for more than ten years, and had held lot 13 so enclosed for more than three years prior to the defendant's entry thereon on the 9th day of November, 1887. A temporary injunction was granted. The defendant answered, admitting opening the street over and across plaintiff's property as alleged in her petition; denied that it was a new street-or road, and alleged that the street had been laid out before the year 1857, and had been platted and recorded on the maps of the city of San Antonio as a street, and that the road or street had been open and used by the public for more than twenty-five years before it was fenced up and enclosed by plaintiff; that the street had been dedicated and used as such for more than twenty-five years before the year 1886, about which time the plaintiff closed up the road by placing a fence across it in two places.

The trial without a jury resulted in judgment that plaintiff take nothing by her suit, and that the injunction be dissolved, from which this appeal is prosecuted.

Plaintiff and her daughter testified that lot 12 had been enclosed as part of their homestead from 1871 until the fence was torn down by the city and the road opened across it on the 9th day of November, 1887, and that lot 13 had been so enclosed ever since June or July, 1884. There was other evidence tending to corroborate the testimony of plaintiff and her daughter.

The defendant did not prove either dedication or condemnation of the roadway, and the only record evidence of any kind introduced was a city map shown to have been in use in the city engineer's office in 1881, upon which the "rock quarry road" was delineated across plaintiff's lots in

approximately the same locality as where the road was opened on the 9th of November, 1887, but there was no evidence offered to show when or by whom the map was made, or by what authority the road was delineated thereon.    Several witnesses testified to the existence and use of the road by the public at approximately the same place where it was opened by defendant for from twenty to thirty years before the trial up to the time the lots were enclosed "a few years" before the trial.    The only evidence as to the time the lots had been enclosed was the testimony of plaintiff and her daughter and the statement of several witnesses for defendant that the lots were enclosed "a few years" before the trial.

The defendant having offered no evidence of a dedication or of a condemnation of the roadway, if the road ever had a legal existence over plaintiff's lots it must have been by prescription, which, we think, the evidence does not satisfactorily show.    But conceding that the road, not "approximately" but just as it was opened by defendant, was shown by the evidence to have been established and acquired by prescription, we think it evident that the right to maintain so acquired was abandoned and lost to defendant, especially as to lot 12, by its acquiescence in the enclosed, actual, and exclusive possession of the plaintiff for more than ten years before the entry and opening of the road by defendant on the 9th day of November, 1887.

Prior to the Act of the Legislature which took effect on the 4th day of July, 1887 (Gen. Laws, 28), there was no statutory inhibition against a person acquiring title by limitation to land on which a road or street had been established.

We think the evidence shows that the plaintiff had had lot 12 enclosed for more than the longest period of limitation prescribed by our statute before the Act of 1887 took effect.    It is true that several witnesses for defendant testified that the lots had been enclosed for "a few years" before the trial, but what was meant by a few years is too indefinite to overcome the positive testimony for the plaintiff.

We think the plaintiff was entitled to have the injunction perpetuated, at least to the extent that the road was opened on lot 12.    The evidence does not make it clear whether lot 13 had been enclosed for even the shortest time prescribed by the statute of limitations before the Act of 1887 took effect.    Whether the plaintiff would be entitled to the relief sought as to lot 13 depends upon the defendant showing that it had acquired in some way recognized as legal the right to maintain the road across that lot at that place, and the failure of plaintiff to show that the right so acquired had been lost in some way by the defendant.

We are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 20, 1890.