### E. F. RAND V. MATTHEW CARTWRIGHT ET AL.

No. 2933.

1. **Identification of Survey—Fact Case.**—A survey was in a prairie. Its first and second corners could not be identified. Its corners were right angles. The courses of the lines were north 45 east and south 45 east. From the west corner, which is the third, identified by a native china tree, north 45 east to the point indicated by a bearing tree 500 varas distant, is 128 varas in excess of the distance called for. The opinion discusses the facts, and holds that they support the finding of the trial court constructing the survey upon the northwest line so identified with course and distance from the west and the north corners so identified.

2. **Calls of Survey Identified are of Equal Dignity.**—Phillips v. Ayres, 45 Texas, 601, and Scott v. Pettigrew, 72 Texas, 321, adhered to, and the principle of equality of calls in a survey which may be identified illustrated by discussion of the facts. Distance is made to yield by bearing tree called for and found, requiring such extension.

APPEAL from Kaufman. Tried below before Hon. ANSON RAINEY. The opinion states the case.

*Manion & Huffmaster*, for appellant, cited Luckett v. Scruggs, 73 Texas, 520; Davidson v. Killen, 68 Texas, 406; Robinson v. Doss, 53 Texas, 496; Phillips v. Ayres, 45 Texas, 602; Schaeffer v. Berry, 62 Texas, 705; Pearson v. Baker, 4 Dana, 321.

*Word & Charlton*, for appellees, cited Fordtran v. Ellis, 58 Texas, 251; Bunton v. Cardwell, 53 Texas, 408; Morrill v. Bartlett, 58 Texas, 644; Phillips v. Ayres, 45 Texas, 602.

MARR, JUDGE, *Section A.*—Appellee Matthew Cartwright, as guardian of the estates of the minors Matthew Cartwright, Jr., Anna Cartwright, and America Cartwright, brought this suit in the District Court of Kaufman County, in the usual form of an action of trespass to try title, against E. F. Rand, on the 31st day of October, 1889, to recover title and possession of a certain tract of land containing 320 acres, and known as the Samuel E. Peel survey, in Kaufman County, patented to said Samuel E. Peel on the 24th day of June, 1852, claiming title to and possession of the same on 1st day of January, 1882, at which time it is alleged that defendant E. F. Rand unlawfully entered into and upon said land and ejected plaintiffs therefrom, and unlawfully withholds from them the possession thereof, and claiming damages and rents.

The said Samuel E. Peel survey is described by its field notes as follows: Beginning at the south corner of the James E. Peel survey No. 127, of 197 acres of land, at post in prairie, from which a cottonwood bears north 47 west 350 varas; thence south 45 west 950 varas, a post in prairie from which a cluster of hackberries bears south 7 east about 600 varas; thence north 45 west, at 950 varas a creek, at 1680 varas another, at $1900\frac{8}{10}$ varas a post, from which a native china bears south 47 east 40 varas; thence north 45 east, at 250 varas a creek, at 950 varas a post in prairie, from which an elm bears north 54 east 500 varas; thence south 45 east crossing creek $1900\frac{8}{10}$ varas to place of beginning.

Appellant, defendant below, filed his original answer 28th day of May, 1889, and pleaded not guilty. May 31, 1890, appellant filed his amended original answer, and presented the following issues:

1. A plea of not guilty.

2. Setting up claim and ownership to 114 acres of land, alleged by him to be a part of the W. L. Wade survey, describing the same by metes and bounds, and setting up the three years statute of limitations.

3. Setting up statute of limitations of five years.

4. Improvements in good faith.

On the 4th day of June plaintiffs filed first supplemental petition, and replying to defendant's plea of limitation, alleged that plaintiffs are minors, and were such at the time defendant purchased and took possession of said land. A jury not being demanded, the cause was tried by the court June 4, 1890, and judgment rendered for plaintiffs against defendant for a strip of land 120 varas wide and 950 varas long, adjudged to be a part of said Samuel E. Peel survey, and for costs.

The appellant presents only one assignment of error, which is as follows: "The court erred in making the call in the field notes of the

Samuel E. Peel survey for a lone elm bearing tree 500 varas distant control the course and distance from its well known west corner 950 varas distant, thereby locating the north corner of said survey 1078 varas from its west corner as evidenced by the native china tree, instead of 950 varas therefrom, as called for in the field notes.''

The strip of land above mentioned, and taken from the possession of the defendant and awarded to the plaintiffs by the judgment below, amounts to about 20⅕ acres, and to that extent increases the area of the Samuel E. Peel survey, if it be established by course and distance from its west corner as claimed by appellant. We insert some of the court's conclusions of law and fact, viz.:

"2. The minor plaintiffs are the owners of the Samuel E. Peel survey of land, described in the plaintiff's petition.

"3. The defendant E. F. Rand is the owner of a part of the W. L. Wade survey, 320 acres of land, which lies contiguous to the said Samuel E. Peel survey.

"4. Under the evidence the court finds that Samuel E. Peel is not in conflict with any part of said W. L. Wade survey.

"5. The following map shows the relative positions of the above named surveys, as well as of the James E. Peel survey, and the land inclosed and claimed by the defendant is indicated by the dotted lines. viz.:

"7. The Samuel E. and James E. Peel surveys were located on the same day (March 31, 1851), and by the same surveyor, and the former calls to begin at the south corner of the latter, 1300 varas from the southwest corner of the Davis Blocker survey. These surveys are located in a prairie, and the two Peel surveys call for the same witness tree as evidencing this their common corner (south corner J. E. Peel). The tree is gone, and the corner can only be established by course and distance. At its south corner the Samuel E. Peel survey calls for certain witness trees, which are gone, and this corner can only be established by course and distance. At its west corner said survey calls for a native china (tree), which is found on the ground and is known. At its north corner said survey calls for an elm (tree), which is found on the ground and is known. Establishing the Samuel E. Peel survey by course and distance from its beginning corner as found by course and distance from the southwest corner of the Davis Blocker survey, the same is not in harmony with the said witness trees found at the west and north corners respectively; but if said survey is extended from northeast to southwest 128 varas the same will be in harmony with said witness trees, and will more properly answer other calls in the original field notes."

There is evidence to support these conclusions of the court; but it seems that the extension should be from the southwest to the northeast 128 varas. The W. L. Wade survey was surveyed on October 1, 1851, by the same surveyor who had previously during the same year surveyed the two Peel surveys, and the north corner of the Samuel E. Peel and the south corner of the said Wade are identical. In the Samuel E. Peel field notes the lone elm is called for north 54 east 500 varas, but in those of the Wade at "*about* one-fourth of a mile," or $475\frac{1}{5}$ varas north 54 east.

It will be seen from the assignment of errors that appellant contends that the west corner of the Samuel E. Peel is indisputably established as originally located; hence that that survey should be constructed from that point by course and distance and limited to the distances as called in the field notes. This contention is neither supported by the evidence (which is strikingly conflicting on this point) nor by the findings of the court below. The west corner is no better, if as well, established by the evidence than the north corner. The surveyor made as great, if not greater, discrepancies in locating that corner when he surveyed the W. L. Wade than he did in calling for the elm tree at the north corner of the Samuel E. Peel, which we have already noted. In the field notes of the Wade, he calls for the native china (at west corner of the Peel) "south 45 east 60 varas;" whereas in those of the Samuel E. Peel he calls for the china at "south 47 east 40 varas." There is also much evidence to the effect (though conflicting with other testimony)

that this china tree is not marked as the bearing tree, and that if it is in fact the original bearing tree, then that it has only grown "about" two inches in diameter in thirty-nine years, etc.   The field notes of the W. L. Wade survey describe it as "about six inches in diameter" in 1851.   But the court found that both of these trees, the lone elm and the native china, as we have seen, were proved to be the original bearing trees.   In view of what we have said, it is evident that we must regard the north corner of the Samuel E. Peel at least as well established by the record before us as is its west corner.   In such case these corners are entitled to equal dignity.   Scott v. Pettigrew, 72 Texas, 321.   The beginning corner is entitled to no more weight than any other corner of the survey, unless it is better identified than the others. Phillips v. Ayres, 45 Texas, 601.   In this case it is not identified at all upon the ground.

The court below further found, that by "beginning at said west corner [of the S. E. Peel] as evidenced by said native china, and running thence north 45 east 950 varas as called for in the original field notes, the said elm tree will not be the *course* or *distance* called for; but if said line be extended in the same direction 128 varas further, for the north corner, said tree will be found in the right *direction* and at the correct *distance* therefrom, as called for in the field notes.   The north corner of the Samuel E. Peel (thus established and as evidenced by said elm tree) is 120 varas inside of defendant's inclosure, and is the same distance (north 45 east) from the point where said line as run from said west corner, as evidenced by the china tree, will intersect the fence of the defendant.   The Samuel E. Peel survey is correctly described in plaintiff's petition, except that the north corner thereof as evidenced by the elm tree is found to be within the defendant's inclosure north 45 east 120 varas, instead of 225 varas, as stated in the petition."

The court concluded as a matter of law, in effect, that "the north and west corners of the S. E. Peel being known and found upon the ground by reason of their said bearing trees, the same ought to prevail over *distance* where *course* is the same and the difference in distance is no greater than exists in the present instance."

We think that there can surely be no difficulty in vindicating the correctness of the court's decision, under well established rules of law, where, as in this case, the evidence is conflicting.   Jones v. Burgett, 46 Texas, 284;   Phillips v. Ayres, supra.   The Samuel E. Peel is practically a rectangular survey, and two of its corners being identified, the others can be easily found by course and distance, as given in the field notes, from those two which are known, and thus the entire survey may be properly constructed with its appropriate areas as defined in the field notes, embracing, however, a slight excess in quantity.   At least, if we establish the northwest line between its two known corners, as

determined by the court below, and according to the *course* as stated in the field notes, for a base line, and then a line extended from the west and north corners respectively, the proper *course* (once reversed) and distance as given in the field notes will definitely and accurately locate the other corners, viz., the south and east corners of the survey. The remaining line is then established between these two corners, thus fixed with certainty, and the lines of the survey closed by connecting the two points or running the line between them according to the course in the field notes, and by prolonging the distance called for 128 varas in order to close the lines of the survey and complete its configuration as originally established. Randall v. Gill, 77 Texas, 351. In such case, if there is a conflict, distance or exact quantity will yield to course or to the call for a corner which can be definitely located at its proper place. Authorities, supra; Booker v. Hart, 77 Texas, 146.

What we have said meets the objections of appellant's counsel (based entirely on the call for distance or the supposed infallibility of the west corner), among others, that by beginning at the north corner of the S. E. Peel, where established by the court below, and describing the survey from that point by the courses and *distances* in the field notes, its lines will not close, etc.

But there is another view of the case that may be taken, and which will under the evidence support, in our opinion, the judgment of the District Court, if we should hold that the evidence does not sufficiently identify on the ground either the west or the north corner of the survey. It is shown that none of the corners of the James E. Peel survey (by which the Samuel E. Peel was established) can be identified on the ground, and that the former survey was founded upon the Davis Blocker, which is an older survey, and whose corners can be identified upon the ground. If, therefore, we locate the south corner of the James E. Peel (which is the beginning corner of the Samuel E. Peel) by establishing the survey by course and distance according to the field notes, by "beginning 300 varas from the southwest corner of the Davis Blocker," etc., and then describe the Samuel E. Peel from its beginning corner thus fixed by courses and distances as called for in its field notes, the north corner of this last named survey will, according to the evidence, be found to be within the inclosure of the defendant 225 varas instead of 120 varas (as declared by the judgment below) north 45 east of the point where the northwest line enters the inclosure of the appellant. Booth v. Strippleman, 26 Texas, 436. The plaintiff contended for this state of the case as shown by the petition, and the court below in its tenth conclusion of fact finds that such would be the result of establishing the Peel surveys with reference to the Blocker, as above indicated, but the court did not, as we have seen, adopt this method in fixing the boundaries of the Samuel E. Peel, on account of the want

of correspondence (in the opinion of the court) with the calls for the said bearing trees, but on the contrary adopted a conclusion much more favorable to the appellant.

We conclude that the judgment ought to be affirmed.

*Affirmed.*