## GULF, C. & S. F. RY. CO. v. CANDLER.

### No. 10841.

Court of Civil Appeals of Texas. Dallas.
May 30, 1931.

Rehearing Denied June 27, 1931.

Terry, Cavin & Mills, of Galveston, Lee, Lomax & Wren, of Fort Worth, and W. P. Donalson, of Dallas, for appellant.

Pat H. Candler and Crane & Crane, all of Dallas, for appellee.

JONES, C. J.

D. B. Candler, appellee, instituted this suit against the Gulf, Colorado & Santa Fé Railway Company, appellant, in the ordinary form of trespass to try title, to recover a triangular piece of ground located in the city of Dallas. Appellant disclaimed as to a part of the tract of land described in appellee's petition, and as to the remaining part set up an easement for the construction of its railway tracks, claiming such easement under a decree in condemnation proceedings against W. C. Young, Sr., who is the common source of title, and prays that it be quieted in the exercise of its rights thereunder.

The condemnation proceedings were had in 1882, and resulted in a judgment awarding appellant an easement for constructing its railroad on a strip of land 200 feet wide across a larger body of land owned by Young. The land in question is within the boundaries of this 200-foot strip of land. Shortly after the condemnation proceedings, and in the same year, Young entered into physical possession of the strip of land in suit, and inclosed it in a substantial fence, and continuously cultivated, used, and enjoyed same from said date until the year 1907, and during said time claimed said land as his own. On said date he sold the strip of land to another, and by mesne conveyances appellee became the owner of said land. Each owner of the land, including appellee, subsequent to the sale in 1907, maintained said land under a fence, used and enjoyed same, paid taxes thereon, and claimed it as his own.

The case was tried before the court on an agreed statement of facts, and resulted in a

judgment in favor of appellee, from which this appeal has been duly prosecuted.

At the request of appellant, the court filed findings of fact and conclusion of law. The findings of fact adopted the agreed statement of facts, but, in addition thereto, made the finding that, "About the time this suit was filed, the necessity for laying additional tracks by defendant on the land in controversy arose and defendant then desired, and now desires, to use said land for said purposes," is adopted as the finding of this court. The court also found that neither appellant, nor its predecessor in title to the 200-foot strip, ever used any part of the strip claimed by appellant in connection with the operation of its railroad.

That portion of the agreed statement of facts which is determinative of this appeal is: "That, if limitation title can be acquired to the right of way vested in defendant under the condemnation decree, then plaintiff and his predecessors in title have acquired title by limitation. That is to say, plaintiff and his predecessors in title have had physical possession of the tract of land in dispute, under fence, and have cultivated, used and enjoyed same and paid the taxes thereon for more than the full period of ten years prior to the filing of this suit."

Appellant's theory of the case is that, under the statutory law of this state, a railroad company in condemnation proceedings only acquires an easement in the land condemned for railroad purposes, and, as the fee to the land remains in the owner subject to such easement, the possession and cultivation by the owner of the fee, until such time as the railroad company may subject the land to the purpose for which it was condemned, is not hostile or adverse to the railroad's easement in the land, and cannot ripen into title to such easement, unless there should be actual notice to the railroad of the hostile claim, and, as there was no such notice in the instant case, there was no limitation title in appellee.

■ We cannot agree to this contention, for it does not state the rule of law announced by the decisions in this state, although there is authority for such announcement of the rule in some other jurisdictions. In this state the statute of limitation operates against railroad corporations whose lands are held adversely, as well as against individuals, and this applies to a right of way.

■ The agreed statement of facts above quoted declares, in effect, that, if limitation title can be acquired to the easement vested in defendant under the condemnation decree, then appellee has title to the strip of land by limitation. This language can only be construed to mean that every element necessary to acquire title to land by limitation is admitted to exist in this cause. In other words, it must be construed to mean that the possession by appellee and his predecessors in title, in addition to the existence of the other necessary elements for the acquiring of a ten-year limitation title, was hostile to the claim of the railroad company and its use of this land as an easement, and it becomes immaterial as to the manner in which such hostility was manifested. This admission warranted the trial court in the conclusion of law that "plaintiff is entitled to recover the title and possession of the land sued for." Texas & P. Ry. Co. v. Belcher (Tex. Civ. App.) 226 S. W. 471; Texas & P. Ry. Co. v. Maynard (Tex. Civ. App.) 51 S. W. 255, and authorities cited in these cases.

■ Prior to the enactment of article 5517, R. S. 1925, exempting streets and highways from the limitation statutes, our Supreme Court applied the ten-year statute of limitation to streets and highways. Article 5517, R. S. 1925; Mayor, etc., of City of Galveston v. Luffkin, 23 Tex. 349; City of Galveston v. Williams, 69 Tex. 447, 6 S. W. 860; Ostrom v. City of San Antonio, 77 Tex. 345, 14 S. W. 66. It will be noted that the statute, exempting public streets and highways from the law of limitation, does not include railroads, and it cannot be extended beyond its terms in order to include therein such an exemption in favor of the railroads.

■ It is urged by appellant that the admission to the effect that, if appellee could acquire title to the strip of land by limitation, then he acquired it in the instant case, is qualified by an explanatory clause showing that the admission only is to the effect that appellee and his predecessors in title has had physical possession of the tract of land in dispute, under fence, and have cultivated, used, and enjoyed same, and paid the taxes thereon, for more than the full period of the ten-year limitation, and excludes the idea that it is admitted that such possession and use of the land was hostile to appellant's claim. We cannot agree to this contention, for it excludes the fact that such possession, use, and occupancy of the land could in any event be hostile to appellant's claim of title to its right of way. We hold that what appellant claims as a qualifying clause does not limit the admission contained in the other clause.

It is urged that, in the reported cases in which the law of limitation is made to apply to a railroad right of way, it either appeared from the record, or is reasonably inferable therefrom, that the railroad held its right of way by conveyance of the fee, and that the rule applying the ten-year statute of limitation is necessarily different in a fee-simple title in the railroad to the land on which the right of way is located, and a title to a mere

easement in the land for the purpose of a right of way.

■■ We are of the opinion that, if the fee-simple title to a right of way can be lost by adverse possession, it necessarily follows that the title to a lesser estate in a right of way may also be lost by adverse possession. The easement in the instant case contemplated that appellant's possession of the land, when used for railroad purposes, should exclude any possession or use of the land by the owner of the fee. Louisville & N. Ry. Co. v. Smith, 125 Ky. 336, 101 S. W. 317, 128 Am. St. Rep. 254; Northern Pac. Ry. Co. v. Townsend, 84 Minn. 152, 86 N. W. 1007, 87 Am. St. Rep. 342.

Finding no reversible error, it is our opinion that the judgment of the lower court should be affirmed.

Affirmed.