**Watson C. ARNOLD, Appellant,**

v.

**Frank R. STANFORD et al., Appellees.**

**No. 4424.**

Court of Civil Appeals of Texas.

Waco.

Jan. 20, 1966.

Rehearing Denied Feb. 10, 1966.

Watson C. Arnold, Waco, for appellant.

Phil E. Teeling, Waco, for appellees.

WILSON, Justice.

This is a boundary suit in the form of a trespass to try title action. Plaintiffs contended that a northernmost line, AB, was their north property line. Defendant's position was that a line farther south, CD, was the true north line. The jury found the line AB to be the north property line of the land conveyed to plaintiffs' predecessor in title, and found in favor of plaintiffs on the issue of adverse possession. Judgment was also rendered against defendant for actual and exemplary damages.

Defendant's first point is that the court erred in submitting the issue as to whether the line AB was the north line of the tract conveyed to plaintiffs' predecessor by a specified deed because the description in plaintiffs' petition makes it impossible for that line to be plaintiffs' north boundary. The description in the deed referred to in the special issue calls for a beginning point in the northwest corner of a 50-acre survey which the parties agree is now impossible to locate. It described a parallelogram 187½ varas wide, and 375 varas in length, and recited the tract contained 12½ acres. The tract for which judgment was rendered contains 15.2 acres. 2.242 acres is in dispute.

Because plaintiffs' petition describes the tract, judgment for title to which they prayed, as beginning "at the S. W. corner of said 12.5 acre tract" described in the deed referred to, defendant urges that they

have admitted the tract they own contains only 12.5 acres, rather than 15.2 for which they sought and obtained judgment. They insist the jury finding refers and is tied to the deed which recited the area conveyed was 12.5 acres. We are unable to accede to this contention. The pleading and the issue merely sought to identify the tract intended to be conveyed by the deed which recited the quantity to be 12.5 acres. The pleading referred to the deed reciting the acreage in order to identify a definite beginning corner for the description, but the pleaded description contained calls for course and distance which described the larger area.

A call for course and distance ordinarily prevails over a call for quantity. Ayers v. Harris, 64 Tex. 296; Rand v. Cartwright, 82 Tex. 299, 18 S.W. 794, 795. The pleading did not constitute an admission precluding judgment.

It is argued that because the third call in the deed referred to was for a bearing N 30 E, rather than N 60 E, which would be necessary to effect a closing of fieldnotes, the calls for distance could not be utilized. As said in Barnard v. Good, 44 Tex. 638, 641, "when it is seen that the four side lines are the same length, can it be possible that anyone was misled or did not know at once that the variation from 56 degrees to 85 degrees in the course of the second line was a mere clerical error," and that by making the correction in course the fieldnotes would close; whereas they would not otherwise do so. In this case the location of ancient fences and fence lines is consistent with the call for distance and the parallel location of the boundary lines. When related to earlier surveys calling for a river, the upper line boundary fixed by the judgment is also more consistent than would be the lower line on which defendant relied. Description in conveyances accepted and executed by appellant sustain the jury finding.

We have considered appellant's no-evidence and insufficient-evidence points concerning adverse possession findings, and they are overruled.

Many of appellant's complaints were not preserved. None, in our opinion, present reversible error and all are overruled.

Affirmed.