### CITY OF CORSICANA V. JOHANNA ZORN.

#### No. 1275.  Decided February 18, 1904.

**1.—Married Woman—Deed—Dedication.**

The conveyance of land of a married woman, by deed acknowledged as required by law, has the same effect as if she were sole, as a dedication to the public of streets and alleys in a plat called for by her deed.  (P. 322.)

**2.—Same—Case Stated.**

The husband having caused a subdivision, and survey of a tract of land, within the limits of a city, belonging to his wife, to be made and placed on the county record of deeds, conveyances subsequently made and duly acknowledged by him and his wife, of lots in such subdivision, calling for the map and for streets and alleys as shown thereon, operated as a dedication to the public of such streets and alleys, and empowered the city authorities to open them to the public as the growth of the city required, though over the protest of the grantors.  (Pp. 321-324.)

**3.—Same—Acceptance.**

There was no necessity for an acceptance of the dedication by the city authorities, the right, resting in the purchasers of lots, to have such streets opened when necessary being irrevocable by the grantor.  (Pp. 323, 324.)

Questions certified from the Court of Civil Appeals for the Fifth District, on error from Navarro County.

*Richard Mays,* for plaintiff in error.—Can a married woman make a valid dedication of her separate realty to public use? If so, is it neces-

sary for her to execute a deed for that purpose, and privily acknowledge the same as required by statute for other conveyances by her? City of Indianapolis v. Kingsbury, 101 Ind., 200; Schenley v. Commonwealth, 36 Pa. St., 29; Embury v. Conner, 3 N. Y., 511; Town of Johnson City v. Wolfe (Tenn.), 52 S. W. Rep., 991; Ward v. Davis, 3 Sandf. (N Y.), 502; Indiana, etc., Co. v. Allen, 113 Ind., 581; 9 Am. and Eng. Enc. of Law, 2 ed., p. 32; Elliott on Roads and Streets, 2 ed., secs. 138, 142.

If in answering the above you hold that she can make such dedication without the statutory acknowledgment, do the facts as above stated show a dedication to the public use of the streets and alleys designated on said map? Speer on Married Women, sec. 134; Oswald v. Grenet, 22 Texas, 100; Hunter v. Trustees, 6 Hill, 407; Wyman v. Mayor, 11 Wend., 486; Livingston v. Mayor, 8 Wend., 85; Elliott on Roads and Streets, secs. 18, 117, 119, 124, 145, 164; Barney v. Mayor, 1 Hugh (Md.), 118; Re Pearle Street, 111 Pa., 565; Point Pleasant Land Co. v. Cranmer, 40 N. J. Eq., 81; Maywood Co. v. Maywood, 118 Ill., 61; Banks v. Ogden, 69 U. S., 57; Watertown v. Cownan, 4 Paige, 510; Evansville v. Evans, 37 Ind., 236; United States v. Chicago, 48 U. S., 185; Barclay v. Howell, 31 U. S., 498; New Orleans v. United States, 35 U. S., 718; Cincinnati v. White, 31 U. S., 431; Meier v. Portland Cable R. Co., 1 Law. Rep. Ann., 859; Preston v. Navasota, 34 Texas, 687; Corsicana v. White, 57 Texas, 383; Parisa v. City of Dallas, 83 Texas, 258; 9 Am. and Eng. Enc. of Law, 54, 55, 65; Reed v. Birmingham, 93 Ala., 339; Central Land Co. v. Providence, 15 R. I., 246; Booraem v. North Hudson Ry. Co., 40 N. J. Eq., 559; Angell on Highways, sec. 149; Church v. Mayor, 97 Am. Dec., 696; 11 Am. and Eng. Enc. of Law, 402; 1 Hill, 189; 11 Wend., 487; Church v. Walsh, 57 Ill., 368; Note to Mier v. Portland Cable Ry. Co., 1 Law. Rep. Ann., 856; Brooks v. Topeka, 34 Kan., 277; Campbell v. City of Kansas, 102 Mo., 326; Sherer v. Jasper, 93 Ala., 530; City v. Anderson, 9 Texas Ct. Rep., 65.

If a dedication was made, was the city, under the circumstances, authorized to enter upon said streets as stated, and improve the same over the protests of the Zorns? Parisa v. City of Dallas, 83 Texas, 258; City of Dallas v. Gibbs, 65 S. W. Rep., 81; 9 Am. and Eng. Enc. of Law, 65; Reed v. Birmingham, 92 Ala., 339; Heffron v. Galveston, 7 Texas Ct. Rep., 869; Mier v. Portland, 1 Law. Rep. Ann., 856; Central Land Co. v. Providence, 15 R. I., 246; Booraem v. North Hudson Ry. Co., 40 N. J. Eq., 559; Elliott on Roads and Streets, sec. 118; Oswald v. Grenet, 22 Texas, 104; Corsicana v. White, 57 Texas, 384; Orrick v. Fort Worth, 32 S. W. Rep., 443; Gibbs v. Dallas, 65 S. W. Rep., 83.

*Ballew & Wheeler,* for defendant in error.—A married woman can not be estopped by the unauthorized act of her husband in placing of record a map purporting to be an addition to a city in the name of the hus-

band, showing streets and alleys extending through the separate property of the wife. To estop a married woman she must have been guilty of some positive fraud or concealment. Ford v. Ballard, 21 S. W. Rep., 146; Smith v. Powell, 23 S. W. Rep., 1109; Johnson v. Bryan, 62 Texas, 625; Thomas v. Williams, 50 Texas, 275; Wright v. Dougherty, 50 Texas, 41; Bell v. Schwarz, 56 Texas, 358; Steed v. Petty, 65 Texas, 496; Call v. Barnwell, 62 Texas, 114; Stone v. Sledge, 87 Texas, 49; Owens v. New York and Texas Land Co., 32 S. W. Rep., 189, 1057; Kempner v. Conner, 73 Texas, 199.

Mrs. Zorn could not be bound by any representations made by her husband in placing of record a map of the H. Zorn addition to Corsicana; nor could the city of Corsicana acquire any right to her property by such act of H. Zorn, as the city was not misled, nor injured, nor wronged, in any manner thereby. Masterson v. Little, 75 Texas, 698; Scoby v. Sweat, 28 Texas, 731; Page v. Arnim, 29 Texas, 72; Love v. Barber, 17 Texas, 318; Lewis v. Castleman, 27 Texas, 421; Watson v. Hewitt, 45 Texas, 475; Byrnes v. Morris, 53 Texas, 219; Echols v. McKie, 60 Texas, 43; Fielding v. DuBose, 63 Texas, 637; Dunham v. Chatham, 21 Texas, 248; McDaw v. Rabb, 56 Texas, 162.

A married woman can not convey title in fee, or by easement to her separate estate, or homestead, except by deed duly executed, as required by statute and Constitution. Bryan v. Johnson, 62 Texas, 625; Railway Co. v. Durret, 57 Texas, 48; Railway v. Donahoo, 59 Texas, 128; Englehard v. Butler, 31 S. W. Rep., 324; Constitution, art. 16, sec. 50; Dykes v. O'Connor, 83 Texas, 160; Hollis v. Francois, 5 Texas, 195; Hampshire v. Floyd, 39 Texas, 105.

We maintain that section 50, article 16, of the Constitution provides the only manner in which the homestead or any interest therein can be conveyed for any use or purpose other than a lease for one year. Batts' Stats., arts. 624, 625; Johnson v. Bryan, 62 Texas, 623; Coffey v. Hendricks, 66 Texas, 676; Young v. Benthuysen, 30 Texas, 771; Callahan v. Patterson, 4 Texas, 61; Nichols v. Gardner, 25 Texas Supp., 112; Coleman v. Vallmer, 31 S. W. Rep., 413; Ford v. Ballard, 1 Texas Civ. App., 378.

The statute has prescribed a special mode of conveyance of the wife's property. The Constitution prescribes the special mode of conveying the homestead, or any interest therein, and this method only can be pursued. Hollis v. Francois, 5 Texas, 195. Until this mode has been fully complied with, any act of hers, with that end in view, is a nullity. Hampshire v. Floyd, 39 Texas, 105; Rhodes v. Gibbs, 39 Texas, 432. If a deed made by the husband to the wife's separate real estate, or to the homestead, can not pass the title thereto, or a leasehold interest therein, how can a plat of the wife's separate estate, purporting to be the map of the husband's addition to a city, the same unsigned and unacknowledged, bind the wife in pais by estoppel? The husband can not convey a leasehold interest in the homestead for a longer period than one year, unless the wife joins in the conveyance and her privy acknowl-

edgment thereto is taken. Dykes. v. O'Conner, 83 Texas, 160; Rev. Stats., arts. 560, 3347; Coker v. Roberts, 71 Texas, 597; Wheatly v. Griffin, 60 Texas, 209; Jacobs v. Hawkins, 63 Texas, 1; Pearson v. Burdett, 26 Texas, 157; Spofford v. Bennett, 55 Texas, 293; Brand v. Baker, 70 Texas, 190; Dykes v. O'Conner, 29 S. W. Rep., 920; Dotson v. Barnett, 41 S. W. Rep., 100; Hennessy v. Leon Co., 55 S. W. Rep., 125; Williams v. Galveston, 58 S. W. Rep., 551; Southern Oil Co. v. Colquitt, 69 S. W. Rep., 169.

The husband has no right to convey a perpetual easement over land the homestead, or separate property of the wife. This question has been settled in this State by Judge Stayton in his remarkably clear and masterly logic in the case of Texas & P. Ry. Co. v. Durrett, 57 Texas, 48, and Gulf C. & S. F. Ry. Co. v. Donahoo, 59 Texas, 128. A right of way is an incorporeal hereditament, an interest in land, a right issuing out of a thing corporate, or concerning, or annexed thereto, or exercisable within the same. Blackstone, book 2, chap. 3, p. 36. A street is a right of way. A right of way is an easement. A street is a perpetual easement for the benefit of the public, and a perpetual easement in the land that is a qualified determinable fee, liable only to be divested if the estate is used for purposes other than that contemplated by the conveyance, grant or dedication. Junction Ry. Co. v. Ruggles, 7 Ohio St., 1; State v. Brown, 3 Dutcher, 13. Such an easement, grant, dedication or conveyance, if valid, is not revocable. New Jersey Midland Ry. Co. v. Van Syelkle, 8 Vroom, 496. Such an interest is an interest in land that can only be created by deed or grant. Texas & P. Ry. Co. v. Durrett, 57 Texas, 51; Washburn's Scrvitudes and Easements, 23; Toyaho Creek Ir. Co. v. Hutchins, 52 S. W. Rep., 104; Texas Trunk Ry. Co. v. Hall, 24 S. W. Rep., 325; Ballard v. Carmichael, 83 Texas, 362; Gulf C. & S. F. Ry. Co. v. Donahoo, 59 Texas 128; Shepperd v. Railway Co., 22 S. W. Rep., 267. It matters not what the common law of dedication may be. It can have no application in Texas, where the Constitution and statute provide the only mode by which a married woman's separate estate and the homestead can be conveyed. The decisions of other courts can not annul the statute and Constitution of the State. The question certified to this court must be determined by the former decisions of this court and the statutes and Constitution of Texas.

A public road can not be laid out through a farm without compliance with the law. Injunction will be granted to restrain the opening or working such a road, when the law is not complied with. Floyd v. Turner, 23 Texas, 292. The same principle applies to a city in attempting to open a street through the inclosed lands of a party whose land has not been condemned and paid for, or conveyed in the manner prescribed by statute for conveying lands. Dedication at common law operates as an estoppel in pais. Estoppel in pais is founded upon deceit, fraud or misconduct, by which one party is misled to his injury by such deceit, fraud, misrepresentations or misconduct of the other party. Mrs.

Zorn has been guilty of no deceit, fraud or misconduct, and the city has not changed its former condition or been misled by any act of hers. The first question should be answered in the affirmative, the second in the negative.

BROWN, Associate Justice.—This is a certified question from the Court of Civil Appeals for the Fifth District. The statement and questions are as follows:

"Johanna Zorn, a married woman, owned in her separate right about ten acres of land within the corporate limits of the city of Corsicana, which was designated upon the map of the city as block 373. In the spring of 1899, H. Zorn, husband of said Johanna, with her knowledge and consent, concluded to subdivide said land into lots and blocks for the purposes of sale, and W. M. Elliott, city surveyor, was employed for that purpose. This he did, setting up stakes at all lot corners, after which, in pursuance of his employment, he drafted a map showing the lots, blocks, streets and alleys upon said property. This subdivision was designated on the map as 'H. Zorn subdivision of block 373 of the city of Corsicana.'

"This map was caused to be recorded by H. Zorn in the Navarro County record of deeds with the knowledge and consent of the said Johanna. At the time Elliott surveyed and platted the land as aforesaid the Zorns occupied it as a homestead. Soon thereafter their dwelling was burned and they moved to another house owned by them in another part of the city, where they have resided ever since.

"Johanna Zorn and husband, by warranty deeds duly executed, conveyed lots to various parties, as follows: To W. C. Ralston, May 30, 1899; to Webb & Bee, July 5, 1899; to Sallie P. Cromwell, December 8, 1899; to Mrs. A. B. Bonner, April 6, 1900; to Emma Land, July 19, 1900. In all of said deeds the parcels sold were described as lots and blocks 'of H. Zorn's subdivision of block 373 of the city of Corsicana, Texas;' setting out the field notes, calling for streets and alleys as shown by said map.

"The deed to Webb & Bee of July 5, 1899, after naming the lot and block in said subdivision, recites, 'as per map on file in the record of deeds of said county,' and the deed to Emma Land of July 19, 1900, after naming the lot and block of said subdivision, recites, 'as per map or plat of same recorded in the deed records of Navarro County, Texas, to which reference is made for particular description,' etc. There is no direct evidence as to when the map was recorded. Said map is not acknowledged by either H. or Johanna Zorn. H. Zorn exhibited the map to the purchasers and they bought under the belief that the streets indicated on the map would be opened. The land was wholly inclosed when the first sale was made and fences were withdrawn only as lots were occupied and only so far as the lots sold abutted on the designated streets. Mrs. Zorn exhibited the map to one purchaser and promised to open the

97 Supreme—21.

street abutting on his lot. A portion of the streets shown by the map were opened by the Zorns.

"In 1900 the authorities of the city of Corsicana tore down the fence inclosing the unsold portion and entered thereupon and began to improve the streets, claiming that the same had been dedicated to public use.

"This suit on January 4, 1902, was then brought to restrain further action of the city and to recover possession of the land. Plaintiff's petition, among other things, states that a former proceeding was instituted to restrain the city from trespassing upon said property and a temporary injunction was issued to that end, and that thereafter, to wit, about December 20, 1901, said proceeding was dismissed without their consent, and that since said dismissal, said city was again trespassing, etc.

"The city answered disclaiming any right to the land, except the right to open and improve the streets and alleys which it claims had been dedicated to public use.

"Questions.—1. Can a married woman make a valid dedication of her separate realty to public use? If so, is it necessary for her to execute a deed for that purpose and privily acknowledge the same as required by statute for other conveyances by her?

"2. If in answering the above you hold that she can make such dedication without the statutory acknowledgment, do the facts as above stated show a dedication to public use of the streets and alleys designated on said map?

"3. If a dedication was made was the city, under the circumstances, authorized to enter upon said streets as stated, and improve the same over the protest of the Zorns?"

Answer to the first and second questions: The facts stated by the court show that Mrs. Zorn joined by her husband made a valid dedication of the streets and alleys in question to the use of the public.

The law prescribes that when a married woman conveys land, her separate property, she must acknowledge the deed as prescribed to give it the effect of a conveyance; but when the deed has been executed and acknowledged as the law requires, there is no difference in its effect as a conveyance from that of a feme sole or of a man. If Mrs. Zorn had been a feme sole, the effect of her deeds would be to convey to each one of the purchasers of lots a right to have all the streets and alleys represented upon the map or plat kept open for public use. Her deeds duly executed must be given their full effect. Oswald v. Grenet, 22 Texas, 94; Heitz v. City of St. Louis, 110 Mo., 618; Rowan's Executor v. Town of Portland, 8 Monroe, 232; Mayor and Council, etc., v. Franklin, 12 Ga., 239; Town of Derby v. Alling, 40 Conn., 410; Meier v. Portland Cable Co., 16 Ore., 500.

In the case of Oswald v. Grenet, before cited, this court, quoting from a case cited, said: "If the owner of land lays out and establishes a town,

and makes and exhibits a plan of the town, with various plots of spare ground, such streets, alleys, quays, etc., and sells the lots, with clear reference to that plan, the purchasers of the lots acquire, as appurtenant to their lots, every easement, privilege, and advantage, which the plan represents as belonging to them, as part of the town, or to their owners, as citizens of the town. And the right thus passing to the purchasers is not the mere right that the purchaser may use these streets, or other public places, according to their appropriate purposes, but a right vests in the purchasers that all persons whatever, as their occasions may require or invite, may so use them; in other words, the sale and conveyance of lots in the town, and according to its plan, imply a grant or covenant to the purchasers that the streets and other public places, indicated as such upon the plan, shall be forever open to the use of the public, free from all claim or interference of the proprietor, inconsistent with such use."

In Rowan v. Portland, before cited, the court said: "Nor can it be doubted that in purchasing and paying for his lot he purchased and paid for, as appurtenant to it, every advantage, privilege and easement which the plan represents as belonging to it as a part, or to its owner as a citizen, of the town, and that a conveyance of each lot with reference to the map or merely as a part of the town was a conveyance of all these appurtenances as ascertained by the map which is the basis of the town as such and identified with it." The effect of the deed then from Mrs. Zorn and her husband to the different purchasers of lots in Zorn's addition was to convey to such purchasers the right that they and all persons should be permitted to use the streets and alleys for the purposes designated upon the said plat for all time, and this conveyance vested in the public and in the city of Corsicana, as the organized representative of the public, the right to take possession of and use said streets and alleys whenever the progress and development of the town should make it necessary so to do. Meier v. Portland, before cited; Elliott on Roads and Streets, sec. 118; Town of Derby v. Alling, before cited. It is objected on the part of Mrs. Zorn that there has been no acceptance by the city of the dedication. There was no necessity for such acceptance, for the right which vested in the purchasers of the different lots and through them in the public was irrevocable. It was not expected that the streets and alleys should all be opened at once, but as is well known in the history of such transactions, many years might elapse before the settlement of that part of the city would require the use of such streets. In the case of Meier v. Portland, before cited, the court said: "Nor does the proprietor or the purchasers anticipate that all the streets shown upon the plat will be immediately opened and used. It is generally known and understood that a large portion of them will not be required for use for many years after the town is laid out; that their necessity will depend upon its future development and growth, and that they will remain in abeyance until the public exigencies demand that they be opened and improved. Nor does the dedica-

tion impose any such burden upon the public as would imply that its acceptance might be refused."

To the third question we answer: The city of Corsicana had the legal right to remove the fences from the streets in question.

Article 375, Revised Statutes, confers power upon the city council: "To have the exclusive control and power over the streets, alleys, public grounds and highways of the city and to abate and remove encroachments or obstructions thereon." The city having a legal right to the possession and control of the streets was by the statute empowered to enter upon the said streets and remove whatever of obstructions might be found therein. Heitz v. St. Louis, before cited.