## CITY OF SAN ANTONIO v. E. M. ROWLEY.

### Decided January 8, 1908.

**1.—Street—Limitation.**

In a suit of trespass to try title against a city for a strip of land occupied and used by it as a street, evidence considered, and held to present questions of fact as to plaintiff's title thereto under the ten years statute of limitation, and hence error for the court to instruct a verdict for plaintiff. Neither should the court have instructed a verdict for defendant.

**2.—Trespass to Try Title—Prior Possession—Dedication.**

It is only as against a naked trespasser that prior possession alone will warrant a recovery by a plaintiff in trespass to try title. Where the evidence shows a dedication to a city, the occupancy by the city of the dedicated land is not that of a naked trespasser, and the plaintiff must, therefore, show title in order to recover.

**3.—Dedication—Estoppel—Evidence.**

Where, in a suit against a city the plaintiff claims the land in controversy by limitation, deeds made by a dedicator to other parties for other lots, describing the same by reference to the town map, while competent evidence of estoppel against the dedicator, are irrelevant and inadmissible against the plaintiff, there being no privity between the two.

**4.—Trespass to Try Title—Pleading Title by Limitation.**

The general rule that where the plaintiff in trespass to try title specially pleads his title he must prove the title plead in order to recover, has no application where the plaintiff pleads a title by limitation.

Appeal from the 45th District Court, Bexar County. Tried below before Hon. J. L. Camp.

*Joseph Ryan,* for appellant.—It having been shown that the street in question was delineated on the city's official and other maps for more than thirty years, that plaintiff's vendors recognized the existence thereof by deed and in rendering for taxation, and that he himself held other property under deeds calling for and recognizing the same, it was competent for the city to prove that adjoining owners acted thereon and deeded and platted their property with reference thereto, thus showing a general neighborhood recognition and acceptance of said street, and establishing the circumstances necessary to prove same, as well as a dedication by the owners of the property in controversy. Albert v. Gulf, C. & S. F. Ry. Co., 2 Texas Civ. App., 666; Cox v. State, 41 Texas, 4; 1 Greenl. Ev., secs. 128, 140.

The court erred in not admitting in evidence petition of citizens asking for removal of fence at the corner of Brooklyn Avenue and Dallas Street and action of the city council thereon. Same authorities.

The court erred in instructing a verdict because there was evidence tending to show a dedication and a recognition by the owners of Brooklyn Avenue (Aldridge v. Pardee, 60 S. W. Rep., 789), and was not such that ordinary minds can not differ as to conclusions to be drawn from it. Wallace v. Southern Cotton Oil Co., 91 Texas, 21; Scripture v. Scottish Am. Mortg. Co., 20 Texas Civ. App., 156; McCartney v. McCartney, 53 S. W. Rep., 390; Childress v. Smith, 90 Texas, 616; Potter v. Wheat, 53 Texas, 406.

*Webb & Goeth,* for appellee.—When the undisputed evidence shows beyond a doubt that the plaintiff, and those under whom he claims and deraigns title, were in continuous, adverse and peaceable possession of the premises in controversy for more than ten years, claiming, using and enjoying the same, and when in actual possession the plaintiff was wrongfully dispossessed by the defendant, it is the duty of the court to peremptorily instruct the jury to return a verdict in favor of the plaintiff for the land in controversy. Magerstadt v. Lambert, 39 Texas Civ. App., 472; Grinnan v. Dean, 62 Texas, 220.

When it appears from the undisputed evidence that the plaintiff and those under whom he claims were in prior possession of the property in controversy and that the defendant is a naked trespasser, it becomes the duty of the court to direct a verdict in favor of the plaintiff. Watkins v. Smith, 91 Texas, 592; House v. Reavis, 89 Texas, 633; Magerstadt v. Lambert, 39 Texas Civ. App., 472.

When property is claimed by the city as a public street and title is sought to be shown by dedication, the evidence should clearly show an intention on the part of the owner to make such dedication, and there must be some evidence on the part of the city of an acceptance thereof. Gilder v. City of Brenham, 67 Texas, 345; Bellar v. City of Beaumont, 55 S. W. Rep., 410-411.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant, in the form of an action of trespass to try title, to recover a piece of land known as the James H. French homestead, situated in the city of San Antonio and alleged to be in the northeast corner of lot No. 5 in city block No. 822, and bounded on the east by Dallas Street; on the south by property of John Pirtle; on the west by property of Mary Tunstall, and on the north by city block No. 837. In his petition, the plaintiff grounds his right of recovery on the five and ten years statutes of limitation.

The defendant by its answer disclaimed title to all the property except such as is a part of one of its public streets, known as Brooklyn Avenue, as to which part it pleaded not guilty. The answer also alleges that plaintiff and those under whom he claims have recognized and admitted that Brooklyn Avenue, between Camden and Dallas Streets, is a public street, that for more than thirty years past defendant has claimed the same as a public street, delineated the same upon the maps of the city, and that plaintiff and those under whom he claims have recognized it as a public street as claimed by defendant. That if the same was ever enclosed, or in possession of plaintiff and his vendors, as alleged by plaintiff, such possession was not adverse, but subject to the right of defendant to remove at any time the fence or any other obstruction thereon, the land in the street being held by plaintiff and his vendors in subordination to such right of the defendant.

After hearing the evidence, the court peremptorily instructed the jury to return a verdict for plaintiff, and judgment was rendered on the verdict found in obedience thereto in favor of the plaintiff.

*Opinion.*—The first assignment of error complains that the court erred in not granting defendant's request, after plaintiff had offered his evidence and rested his case, to peremptorily instruct a verdict in its favor; and the fourth, of the peremptory instruction of a verdict for the plaintiff. As these two assignments will require us to review the evidence, they will be considered together. If it should be determined that the first is well taken, the logical sequence will be that the fourth is also, though it will not follow from a failure to sustain either that the other should be upheld.

It will be seen from our statement of the case that plaintiff bases his right to recover on the five and ten years statutes of limitation. No evidence was introduced which would tend to show title under the five years statute; but it was directed solely to the ten years statute. The questions then to be decided are: 1. Was there such a failure of plaintiff's evidence to show title in himself under

this statute, as would authorize the court to grant defendant's request to peremptorily instruct a verdict in its favor? 2. If the state of the evidence was not such as to require a peremptory instruction for the plaintiff, was it such as to authorize the peremptory instruction in favor of the defendant?

After considering the evidence, we have concluded that under the law applicable to it, both of these questions should receive a negative answer for these reasons: When this suit was brought the city was in actual occupancy of the property in controversy, as a street; the evidence tends to show that it had been dedicated and delineated on the maps of the city as part of one of its public streets prior to the time Crider enclosed it by his fence. In view of this, it was incumbent upon the plaintiff to show that either there had never been a dedication of the property as a street, or, if there had been such a dedication, that the city had lost its rights thereunder and he had acquired title thereto by operation of the ten years statute of limitation. There was no effort on his part to rebut the evidence of prior dedication, and the evidence was not such as would enable a court to say as a matter of law that the city had lost its title and the plaintiff had acquired it through the statute of limitation. Though the city's title may have been extinguished by operation of such statute, unless the plaintiff acquired the title which destroyed that of the city, he can not recover; for if he did not, he being the plaintiff, even that title, though acquired by limitation, would be outstanding and sufficient to defeat him in this action. Title against the city could not be acquired by limitation after July 4, 1887. Catrom v. San Antonio, 77 Texas, 347. If it was acquired it must have been prior to that date either by M. Crider, James H. French or the Grahams or by the continuous, consecutive possession of two or more of them for the requisite statutory period. The evidence does not show the length of time any one of these parties was in possession; nor is it such as to show as a matter of law that their possession was, or was not, successively connected and continuous for ten years; or that the plaintiff has, or has not, such title or claim, if any, as may have been acquired by one or more of them. These were matters which, under the evidence, should have been left for the jury to determine.

If the street was dedicated, it is a matter of no moment whether such part of it as is the subject of this litigation was used by the public or not; for the principle is well settled "that where an owner of land lays out and establishes an addition to a city, and makes, exhibits and files in the county clerk's office a plot of said land, including in the plot streets and alleys, and sells lots with reference to the plot, the purchasers of the lots acquire, as appurtenant to their lots, every easement, privilege and advantage which the plot represents as belonging to them, as part of the town, and title vests in the city in order that it may keep said streets in such condition as the traveling public may with safety pass over and along said streets." City of Tyler v. Boyette, 96 S. W. Rep., 935. If the city had such title, unless it was lost by limitation, which it was incumbent upon plaintiff to show, it could not be re-

garded a trespasser in taking possession of the property and in opening the street through it. Therefore, the principle, that actual possession of land is sufficient to warrant the plaintiff who has shown such possession to recover against a naked trespasser, would, in that event, have no application. Besides, the principle can not be invoked by plaintiff in this case, for he specifically pleaded that his title was under the ten years statute of limitation, and the rule is that if a plaintiff pleads his title, he must prove the specific title alleged in order to recover.

We do not think the court erred in excluding the deeds and plot made by John Ireland to John Lieck to a lot in the same part of the city where the land in controversy is situated, and the release of D. Sullivan & Co. to Lieck of a deed of trust on the lot, offered in evidence by the defendant. Such documents do not tend to illustrate or make clear any issue in the case, nor can they affect the rights of either party. Where the question to be determined is whether a dedication of property to a city as a street was revoked before its acceptance, evidence that land has been sold by the dedicator and described by him in the deed by the plot upon which the blocks, lots and streets were delineated, as in the cases of Albert v. Gulf, C. & S. F. Ry., 2 Texas Civ. App., 666; City of Houston v. Finnegan, 85 S. W. Rep., 471, is admissible against him to show that he is estopped from revoking such dedication. But we can conceive of no principle which would make the instruments offered in evidence by the defendant admissible against the plaintiff.

We are not able to see the relevancy of the petition of citizens to the city council asking for the removal of the fence at the corner of Brooklyn Avenue and Dallas Street, which was on the land in controversy, introduced in evidence over the objections of the defendant. We think the court erred in its admission; but the error is such as would not require a reversal of the judgment had the evidence been such as to authorize the peremptory instruction given the jury to find for plaintiff. Because the court erred in giving such instruction the judgment is reversed and the cause remanded.

ON MOTION FOR REHEARING.

There are two of these motions, one filed by appellee, insisting that we erred in not affirming the judgment; the other by appellant insisting that, after reversing the judgment of the District Court, we should have rendered judgment in its favor.

In our original opinion we stated, as applicable to this case, the general rule that where the plaintiff in an action of this character specifically pleads his title he must prove the title alleged, in order to recover. In doing so we did not have in mind the exception to the rule which obtains in cases like this where the title specifically pleaded is by limitation. Mayers v. Paxton, 78 Texas, 199; McAdams v. Hooks, 104 S. W. Rep., 432. This inadvertency, however, did not affect our action in reversing the judgment, as is apparent from the original opinion. It rests upon the principle that

as the evidence tended to show a dedication of the property to the city as a street prior to its occupancy by anyone under whom appellee claims, and as the evidence was not sufficient to show as a matter of law continuous, adverse possession of those under whom he claims for the statutory period, the defendant in taking possession could not be viewed in the light of a trespasser, so as to authorize a recovery by plaintiff upon mere proof of prior possession of his vendors.

After reviewing the testimony, we think the state of the evidence was such as required the submission of the case to the jury, and not such as to authorize a peremptory instruction in favor of either party. We, therefore, overrule both motions.

*Reversed and remanded.*