## SHERMAN SLAUGHTERING & RENDERING CO. v. TEXAS NURSERY CO.
### (No. 1635.)

(Court of Civil Appeals of Texas. Amarillo. June 9, 1920. Rehearing Denied Oct. 6, 1920.)

**1. Trial &#9136;198 — Charges declaring effect of written instruments are proper.**

Charges interpreting or declaring the effect of written instruments are within the province of the court, and not objectionable as taking the facts from the jury.

**2. Dedication &#9136;47 — Purchaser with reference to plats has easement, though dedication is unaccepted by city.**

Where land has been platted, and the plat recorded, showing certain streets thereon, purchasers of portions described with reference to the plat acquire easements in the streets as designated, even though there has been no acceptance of the dedication by the city.

**3. Easements &#9136;61(2)—Purchaser of platted blocks and lots can enjoin obstruction of streets not worked by city.**

A purchaser of platted blocks and lots can enjoin obstruction of the streets shown on the plats by another owner, though the city had never in fact opened or worked the streets.

**4. Easements &#9136;30(1)—Failure to take over or to work platted streets not evidence of abandonment by parties having easement.**

The fact that the city had not taken over the property, or had not worked or graded streets shown on a recorded plat, does not evidence abandonment of an easement over the streets by purchasers of lots and blocks with reference to the plat.

Error from District Court, Grayson County; C. T. Freeman, Judge.

Action by the Texas Nursery Company against the Sherman Slaughtering & Render-

ing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Hamp P. Abney, of Sherman, for plaintiff in error.

McReynolds & Hay and G. P. Webb, all of Sherman, for defendant in error.

HUFF, C. J. The defendant in error brought this action against plaintiff in error, to enjoin the latter company from closing up South Sherman street, which separates block 48 and lot 7, in block 49, owned by defendant in error, from blocks 56 and 57, owned by plaintiff in error, all of which are in the South Side addition to the city of Sherman, and also from closing or obstructing Inwood street, and to compel the removal of obstructions placed in the streets by plaintiff in error. Both plaintiff in error and defendant in error each are shown to be owners of the blocks of land alleged to be owned by them, respectively, by mesne conveyances to themselves from Randolph & Tassey, trustees, who are the common source of title. In the years of 1890 or 1891, the South Side addition shows to have been platted into lots and blocks, with streets and alleys designated on the map, and that all the lands and lots conveyed by the original trustee were conveyed as lots and blocks to various parties, and reference was made in the deeds to the plat as a part of the description of such property so conveyed. This plat was duly recorded in the Deed Records of Grayson county. The defendant in error's deed conveyed to it the block and lots owned by it by designating the property as lots and block of the addition. The plaintiff in error holds, in privity with Mary Alice Odneal, the property claimed by it. The deed to her is to blocks 56 and 57 in said addition; but it appears, when she conveyed, she described the land so conveyed by her to her vendee by metes and bounds, without designating it as blocks as in the deed to her, and the deed to plaintiff in error appears to have described the land in the same way.

On the 15th day of April, 1899, Randolph & Tassey, in a certain instrument filed for record April 17, 1899, referred to the former plat and the deed by the volume and page in which it was recorded. It is recited in the latter instrument that it was made for the purpose of changing block 4, in the former plat, which block consisted of 10 lots, so as to change the alley, which by the former plat ran from east to west, and from Travis street to Crockett street. It is recited that no sales had been theretofore made out of said block 4. It was also recited that they were desirous of changing the alley, so that it may run from north to south, and conforming the lots of the block to the alley as changed. It was therefore recited that they filed a plat therewith of block 4, as being supplemental to the general plat theretofore filed, and changing block 4, as shown by the plat therewith annexed. The instrument and plat fronted the lots in block 4 on Travis and Crockett streets. This instrument was duly signed, acknowledged, and filed for record in the Deed Records by Randolph & Tassey. This instrument was of record before the parties of the common source had conveyed the lots out of themselves, which are now owned by the respective parties to this action. South Sherman street, the evidence shows, was used by defendant in error, as well as by other people. The South Side addition was partly included within the corporate limits of the city of Sherman and partly outside the limits. We gather the particular blocks in question were not inside the corporation. There were residences in the addition, as well as business property, schools, churches, blacksmith shop, etc. It is practically admitted by plaintiff in error, in its brief, that the lots and blocks in the addition were conveyed by the trustees with reference to the plat thereof, and that plaintiff in error had inclosed one-half of what is shown to be South Sherman street on the plat, 60 feet in width, at the point between the properties of the parties. The case was tried to a jury, and upon their verdict the court awarded the injunction prayed for, except as to Inwood street, as to which the court instructed the jury that, upon the admission of defendant in error, no relief was sought by it by reason of the obstruction of that street.

Plaintiff in error presents the first, fourth, fifth, sixth, and seventh assignments together. The first assignment is that the verdict of the jury is not supported by the evidence. The other assignments assail the third, fourth, sixth, and seventh paragraphs of the court's charge. There are several propositions presented under this group of assignments. They in effect assert (1) that the dedication of the addition had not been accepted by the city of Sherman or by the public; (2) that the street is not within the corporate limits of the city; (3) that plaintiff in error has inclosed only a portion of this street, or 30 feet thereof; (4) that the portion of the street in question is not open and never had been opened; that trees and underbrush are standing in the space shown on the map for the street.

[1] Objections filed to the charges in the court below in the main are that they take from the jury the facts, and that the court assumes that the strip of land in controversy is a street, and that it had been designated by the owner and accepted by the public as

such. The charges complained of in the main interpret or declare the effect of certain instruments. This we think was the province of the court. There is no controversy as to the two plats being placed by the original owners of the land, showing the location of the blocks and the streets and alleys of record, or that the lots and blocks were sold with reference thereto. The trial court also charged that—

"The undisputed proof shows that Randolph & Tassey are the common source of title under which the plaintiff claims the title to block No. 48 and block No. 49 in the South Side addition to the city of Sherman, in Grayson county, Tex., and under which the defendant, the Sherman Slaughtering & Rendering Company, claims title to blocks 56 and 57 in said addition, and that according to the maps offered in evidence such Sherman street, 60 feet in width, separates or lies between the property of the plaintiff and said blocks belonging to the defendants above named."

[2] There is no exception to this charge. It is uncontroverted as a fact that the plat was filed for record, and that the original owners afterwards filed a written recognition of the former plat, as originally made, that they sold and parties bought with reference to the plat, and that the parties herein hold by virtue of deeds recognizing such plat as recorded. The case of Lamar County v. Clements, 49 Tex. 347, has frequently been cited in this state, and it is there said:

"It has been repeatedly held by this court, as well as by many others, that when the owner of land lays out and establishes a town, and makes an exhibit a map or plan of the town, with streets and public squares, and sells the lots with reference to such plan, the purchasers acquire, as appurtenant to their lots, all such rights, privileges, easements, and servitudes represented by such map or plan to belong to them, or to their owners; that the sale and conveyance of lots according to such map implies a grant or covenant, for the benefit of the owners of the lots, that the streets and other public places represented by the map shall never be appropriated by the owner to a use inconsistent with that represented by the map, on faith of which the lots are sold, and especially so where the use to which the owner proposes converting them tends to lessen the value of the lots thus sold."

The Supreme Court also said, in the case of City of Corsicana v. Zorn, 97 Tex. 317, 78 S. W. 924:

"The effect of the deed, then, from Mrs. Zorn and her husband to the different purchasers of lots in Zorn's addition, was to convey to such purchasers the right that they and all persons should be permitted to use the streets and alleys from the purposes designated upon the said plat for all time, and this conveyance vested in the public and in the city of Corsicana, as the organized representative of the public, the right to take possession of and use said streets and alleys whenever the progress and development of the town should make it necessary so to do. * * * It is objected on the part of Mrs. Zorn that there has been no acceptance by the city of the dedication. There was no necessity for such acceptance, for the right which vested in the purchaser of the different lots, and through them in the public, was irrevocable."

See Oswald v. Grenet, 22 Tex. 94; Wolf v. Brass, 12 Tex. 133, 12 S. W. 159; Preston v. Navasota, 34 Tex. 684; City of Corsicana v. Anderson, 33 Tex. Civ. App. 596, 78 S. W. 261; Sanborn v. City of Amarillo, 42 Tex. Civ. App. 115, 93 S. W. 473; Nave v. City of Clarendon, 216 S. W. 1110.

[3] If there was a right which vested in the purchasers of the lots, and through them to the public, and which is irrevocable, it would seem that the purchaser can enforce such right, whether the city or the public take charge of the streets or not. The implied covenant of his deed is for his benefit, and he may, it would appear, have the right to enforce the same. He had contracted for an easement over the streets when the town was platted, and if another deprives him of such privilege we see no reason why he may not invoke the powers of the court to protect him in his rights. We think, under the facts of this case, the charges of the court as given were applicable, and are not subject to the objections made to them.

[4] The fact that the city had not taken over the property, or that the streets were not being worked or graded, did not evidence abandonment of an easement over the streets by the parties who purchased the lots and blocks with reference thereto.

We find no such error assigned or presented in this case as will require a reversal, and the judgment is affirmed.