**WATLAND et al. v. CITY OF WICHITA FALLS. (No. 2681.)**

(Court of Civil Appeals of Texas. Amarillo. June 23, 1926.)

**1. Dedication ☞44—Evidence held conclusively to show dedication of streets, continued by recognition of such streets throughout plaintiffs' chain of title.**

Evidence *held* conclusively to show dedication of streets in controversy, in trespass to try title against city, continued by recognition of such streets through plaintiffs' chain of title down to plaintiffs, so as to justify court in refusing to submit such issue to jury.

**2. Dedication ☞63(2).**

To establish dedication of streets, use thereof by public is unnecessary, since dedication once made is irrevocable, and right to acceptance lies in abeyance till necessity for use of streets arises.

**3. Municipal corporations ☞654.**

Evidence *held* to support finding that streets in controversy were 80 feet wide.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Trespass to try title by O. T. Watland and others against the City of Wichita Falls. From the judgment, plaintiffs appeal. Affirmed.

E. E. Fischer and Napier & Walsh, all of Wichita Falls, for appellants.

W. E. George, W. P. Smith, and John E. Kilgore, all of Wichita Falls, for appellee.

RANDOLPH, J. This suit was instituted in the district court of Wichita county in trespass to try title by appellants against appellee for the title and possession of a certain designated tract of land out of a larger tract. The defendant's answer consisted of general demurrer, general denial, and not guilty, and disclaims as to all but three tracts of land, same being strips of land out of claimed designated streets. The appellee, claiming same as portions of streets which had been dedicated to public use, prays for affirmative relief as to their recovery as such.

The plaintiffs by their supplemental petition specially deny the existence of any such streets and deny such dedication. Plaintiffs pray, in the alternative, that if any part of said strips was used by the city as a street, it was not more than 20 feet wide and ran parallel with the north line of block 91, the block of land by virtue of their ownership of which they claim the strips in controversy, and also denying any dedication of either of the other two tracts. Trial was had before a jury upon special issues and on the answers thereto, the court rendered judgment in favor of the appellee for tracts 1 and 2 and for the plaintiffs for tract 3, and from this judgment the plaintiffs have appealed.

[1] There is one question, the decision of which will, in our opinion, dispose of this appeal. If there is any basis upon which the judgment of the court is supported by the evidence, we must affirm such judgment. The question which we think is decisive of this appeal against appellant is that the evidence conclusively shows a dedication of the streets in controversy by the then owners of the land, which was continued by recognition of such streets through the plaintiffs'

chain of title down to the plaintiffs. The following map will give a proper understanding of the lay of Wichita and Front streets in the city of Wichita Falls, and which streets are claimed by the city under dedication to the use of the public:

nated and shown on the plat of said town, dated July 6, 1876."

In the deed from M. W. Seely to Homer Judd et al., dated August 6, 1886, the following statement is found:

The following recitals taken from the deeds in the plaintiffs' chain of title are given for the purpose of showing first, the fact that the field notes or calls recognize the streets called Wichita and Front streets; second, that such streets had a potential existence for many years.

Plaintiffs offered in evidence a warranty deed from Carolina S. Gibbs et al. to W. M. Seely, dated July 6, 1876, conveying the land herein described, with the following description:

"Together with an undivided one-fourth part of all lands, more or less, lying and being situated between Big Wichita street and the Big Wichita river, on the north side of the Wichita river, and between Front street and the river on the south side of Wichita river, as desig-

"The following tract of land situated in the county of Wichita, state of Texas, being a part of a tract of land originally granted to John A. Scott, deceased, late of the state of Mississippi, and now comprehended in plat of town of Wichita Falls, in Wichita county, state of Texas, said town plat being duplicated and acknowledged July 6, 1876, as follows, to wit:

"Together with one undivided one-eighth interest in the water power created by the falls in the Big Wichita river, in the town of Wichita Falls, aforesaid, and also the undivided one-eighth (1/8) part or moiety of the land lying between Wichita street on the north side of the river and Front street on the south side of the ——, except such part as is included in blocks 83, 84, and 85, on the north side of the river, as designated on the said plat."

The wording of the description in the deed from Mary W. Seely et al. to Homer Judd, dated August 16, 1876, is as follows:

"Conveys the following described land, situated in the county of Wichita, state of Texas, being part of the tract of land originally granted to John A. Scott, deceased, late of the state of Mississippi, and now comprehended in the plat of the town of Wichita Falls, said plat being dedicated and acknowledged July 6, 1876, as follows: [Here follows substantially the language set out in the foregoing deed.]"

Then follow other deeds containing words of like import.

Plaintiff also introduced in evidence a judgment, dated May 5, 1881, cause No. 899, in the district court of Wichita county, Tex., styled John A. Foreman v. H. M. Trueheart; also report of commissioners, reporting the partition and division of the land included in said judgment, which judgment and report of commissioners show a decree to plaintiff.· John A. Foreman, of Wichita Falls, Tex., of "block T, as per plat thereto attached, as shown on page 24a hereof."

The plat recognized in this judgment, while it does not name any streets, shows that there is a street between block T on the south and between it and block 91, and between T, on the north and block 76. This clearly refers to existing streets which are otherwise shown to be Front street and Wichita street.

It is useless to attempt to set out in further detail all the references to plats and the identification thereof by witnesses, but it is sufficient to say that all the circumstances including the fact that Front street was graveled more than 20 years ago, shows the existence of these streets. All facts and circumstances show a well identified dedication of these two streets.

The deed from W. P. Parker to O. T. and A. T. Watland, plaintiffs herein, contains the following description:

"All of block T of the water power property that lays west of the Fort Worth & Denver City Railroad, described by field notes as follows: Beginning on Indiana avenue, the corner of Front street, thence with Front street toward Denver Railroad, two hundred and seventy-six feet to a stake in west line of right of way, fifty (50) feet from the center of the track; thence parallel with line and fifty (50) feet therefrom, center Big Wichita river to a point on the south line of Wichita street, fifty (50) feet from the center of the railway track; thence, west two hundred thirty-three and three-tenths (233.3) feet to Missouri avenue, from west corner of said block T; thence with Missouri avenue on west line of said block T center Big Wichita river, back to the place of beginning."

R. E. Huff, a long time resident of Wichita county, and one of the title holders in the plaintiffs' chain of title, testifies as to the recognition of these streets by him, and there was testimony from other witnesses showing circumstantially the dedication of these streets and recognition thereof.

O. T. Watland, one of the plaintiffs, testified:

"As to whether when we got our first deed from Parker in March, 1920, I thought I was buying that street, cannot say anything about it. Description in deed says that 'beginning on Indiana avenue at the corner of Front street, etc.' I read that deed before I took it and paid out my money. As to whether I knew it read that we were buying property on the corner of Front street and Indiana avenue, well; in order to get 276 feet, you start— well, it did not say which side of Front street —You say you are not asking me if I did not know it called for corner of Front street and Indiana avenue—no; I did not know it. Yes; I read it at that time. * * * I did not know how wide the street was. That does not say how wide Front street is. It does not even tell you if it is one inch, one foot or twelve feet, or how wide. * * * You say you are not asking me how wide Front street was, but whether I knew Front street was there when I bought the land—well; I knew it stated Front street on that deed, but if you saw something in a deed you do not go and look for it, if you did not have anything to do with it. Yes; I knew it said that. Beginning on Indiana avenue at the corner of Front street. This land when I bought it was not fenced."

A. R. Watland, the other plaintiff, testified:

"It is a fact that when I went and looked at the property, there was right north of block 91 a well-defined path over the property, pathway or street for wagons to travel over, tracks of automobiles and wagons indicating that it was being used for street, that is true. * * * When I bought this property I got a deed from Parker and read this deed over before I paid my money out, accepted the title and executed the notes, I·knew it said in the deed, 'Beginning on Indiana avenue at the corner of Front street,' and I knew it said, 'Thence across Big Wichita river to a point on the south line of Wichita street, and thence west one hundred thirty-three and three-tenths feet to Missouri avenue. * * * Mr. Parker furnished us an abstract before we paid our money and accepted title. I did not look at the abstract any more than the average man. I knew the plat that has been introduced in evidence was in it. My brother and I had a lawsuit about the paving down there, we paid for our part of it, I believe 9 feet of it. I think the pavement is 40 feet wide."

The plat testified to as having been introduced in evidence shows these streets, and other plats in evidence show these streets to be 80 feet wide.

The evidence clearly shows, both by reference in the various deeds and by plats, recorded and unrecorded, and by circumstances testified to by witnesses, that these streets existed at the time and for many years prior to the purchase of block T by the plaintiffs and that they had full knowledge of same. The deed received by plaintiffs from Parker clearly limits· the plaintiffs to land out-

side of these streets, and, by reference to the streets, implies a dedication of same to the use of the public.

[2] While the evidence shows a use of the land by the public, it is not necessary to establish a dedication to prove such use. If there had ever been a dedication, it was irrevocable, and it was not necessary to its continued existence that it be shown that the city accepted the dedication. The right to such acceptance only lies in abeyance until such time as the necessity for the use of such streets arises. It is not the city alone that is interested in the dedication; each owner of real estate, bought with knowledge of such dedication, has the right to insist that, as the occasion arises for the use of such streets, they shall be opened to their use. City of Corsicana v. Zorn, 97 Tex. 317, 78 S. W. 924; Galveston, H. & S. A. Ry. Co. v. City of Eagle Pass (Tex. Civ. App.) 249 S. W. 268; Sherman Slaughtering & Rendering Co. v. Texas Nursery Co. (Tex. Civ. App.) 224 S. W. 478; Roaring Springs Townsite Co. v. Paducah Telephone Co., 109 Tex. 452, 212 S. W. 147; Newton v. City of Dallas (Tex. Civ. App.) 201 S. W. 703; City of Laredo v. De Moreno (Tex. Civ. App.) 183 S. W. 827.

The Supreme Court, speaking by the Commission of Appeals, granted a writ of error in the case of Galveston, H. & S. A. Ry. Co. v. City of Eagle Pass, supra, and reversed and rendered the judgment of the Court of Civil Appeals. The case, however, was reversed for the reason that the proof wholly failed to show a dedication of the land to the public as a street before the date the railroad company acquired a vested right therein to use the same for its purposes, which was also a public use, 260 S. W. 841, 845.

[3] We therefore hold that the trial court did not err in refusing to submit the question of dedication of such streets to the jury, and did not err in rendering judgment for the defendant, for the reason that all the evidence shows an irrevocable dedication of the streets covered by the judgment to the use of the public. We also hold that the finding of the jury that such streets were 80 feet wide is supported by the evidence.

The trial court's judgment is therefore affirmed.