**CITY OF HOUSTON, Texas, Appellant,**

**v.**

**Lee DYKES et al., Appellees.**

**No. 7682.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 30, 1965.

Rehearing Denied Dec. 28, 1965.

John Wildenthal, Jr., Homer T. Bouldin, Houston, for appellant.

Ed S. Atkinson, Theo. R. Kirchheimer, Houston, for appellees.

CHADICK, Chief Justice.

This is an injunction suit. The judgment of the trial court is reversed and rendered.

Bayou Woods, Section 3, a platted residential subdivision, was annexed to the City of Houston, Texas, by Ordinance on December 30, 1949. A platted thoroughfare originally designated as Chatsworth Street in Bayou Woods Subdivision 3 was, after annexation, renamed Buckingham Drive. A segment of Buckingham Drive between Kennilworth Street and Katy Road was not before annexation actually open and used as a street. Nor has it since been developed or opened as a street by the City. The City Council heard, but took no affirmative action on numerous requests to open the area for street purposes. Sewer and water lines have been laid under the segment; and there is evidence in the record that the area could have been negotiated on foot and perhaps by motor vehicles previous to 1948 or 1949. Appellees Lee Dykes and Robinwood Lodge, Inc., own lots abutting on this segment of Buckingham Drive. The segment appears as a matter of law to be a dedicated but unopened street area.

Lee Dykes without the consent of the City of Houston attempted to clear the surface of this area and open it to use as a traffic thoroughfare. After considerable public controversy the City erected a metal barricade which effectively obstructs and prevents the use of the street segment by ordinary traffic. The relief appellees Lee Dykes and Robinwood Lodge, Inc., prayed for as plaintiffs was:

"* * * a mandatory injunction requiring the said City of Houston to remove the barricade erected by the said City on or about August 5, 1962, on Buckingham Drive between Kennilworth Drive and Katy Road and that said City of Houston be enjoined from further obstructing or interferring with the use of Buckingham Drive unless the said action of the said City be in conformity with the laws and the statutes of the State of Texas * * *".

 Dykes and Robinwood Lodge, Inc., as abutting lot owners have no jus-

ticiable interest warranting injunctive relief in abating an obstruction of the dedicated but unopened street area. Town of Refugio v. Strauch, 29 S.W.2d 1041 (Com.App. 1930). A municipality, as the public's representative, is empowered to take possession and open for use dedicated street areas whenever the progress and development of the city requires such action. City of Corsicana v. Zorn, 97 Tex. 317, 78 S.W. 924 (1904); Town of Refugio v. Strauch, 29 S.W.2d 1041 (Com.App.1930); see also City of Laredo v. DeMorena (Tex.Civ. App.) 183 S.W. 827. Whether or not progress and development requires that Buckingham Drive be opened is a question that is not reached by this record.

The decree of the trial court is reversed and judgment rendered that appellees Dykes and Robinwood Lodge, Inc., take nothing by their suit.